UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIZA RIOS,

    Plaintiff,

-against-

REDBUBBLE, INC., et al.,

    Defendants.

18-CV-02260 (RA) (BCM)

**REPORT AND RECOMENDATION TO THE HONORABLE RONNIE ABRAMS**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Liza Rios, the widow of the late rap musician Christopher "Big Pun" Rios, filed this action *pro se*, seeking damages against seven corporate defendants for infringing her registered trademark BIG PUN on clothing and various other merchandise items. Three of the named defendants were served, appeared, and reached settlement agreements with the plaintiff, resulting in the dismissal of the claims against them.

The other four defendants have never appeared, and – insofar as it can be determined from the record – have never been served with process. They are RedBubble, Inc., Society 6 LLC, Cloudfare, Inc., and Amazon.com, LLC (collectively the Unserved Defendants). In deference to plaintiff's *pro se* status, I twice extended her deadline for serving these defendants – warning her that failure to comply could result in the dismissal of her claims against them – but she has twice ignored those warnings and done nothing. Consequently, I now recommend, respectfully, that plaintiff's claims against the Unserved Defendants be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m) and 12(b)(5).

**Background**

Plaintiff filed her Complaint (Dkt. No. 1) on March 14, 2018. That same day, summonses were issued as to all seven defendants. On April 5, 2018, defendant Walmart, Inc. (Walmart) filed

an answer. (Dkt. No. 9.) On April 27, 2018, defendants Cafepress, Inc. (Cafepress) and Verizon Business Network Services, Inc. (Verizon) filed a motion to dismiss (Dkt. No. 15), to which plaintiff responded on May 11, 2018. (Dkt. No. 18.)

On June 25, 2018, shortly after this action was referred to me for general pretrial management (Dkt. No. 20), I issued an order (the June 25 Order) (Dkt. No. 21) which, among other things, noted that plaintiff's deadline to serve the remaining defendants had been June 12, 2018. *See* Fed. R. Civ. P. 4(a), (m). I ordered plaintiff to file, no later than July 13, 2018:

(1) proof of service on defendants RedBubble, Inc., Society 6 LLC, Cloudfare, Inc., and Amazon.com, LLC;

(2) proof of waiver of service by these defendants; or

(3) a letter showing cause why her claims against these defendants should not be dismissed under Rule 4(m).

June 25 Order, at 1-2.

Plaintiff failed to do any of these things.

On July 25, 2018, Cafepress and Verizon requested an adjournment of the initial case management conference (then scheduled for July 31, 2018) in anticipation of finalizing a written settlement agreement with the plaintiff. (Dkt. No. 24.) The following day, I issued an order (the July 26 Order) (Dkt. No. 25) granting the application and adjourning the conference to September 4, 2018. In deference to plaintiff's *pro se* status, I once again extended her time to comply with Rule 4(m):

> The Court, *sua sponte*, will extend plaintiff's deadline to comply with the June 25 Order until **August 9, 2018,** by which time plaintiff must do one of the following things:
>
> 1. If plaintiff no longer wishes to pursue her claims against one or more of these defendants, she may dismiss those claims by filing a notice of dismissal pursuant to Fed. R. Civ. P. 41. A form for this purpose is available at www.nysd.uscourts.gov/file/forms/notice-of-voluntary-dismissal.

2.    If plaintiff still wishes to pursue her claims against RedBubble, Inc., Society 6 LLC, Cloudfare, Inc., and/or Amazon.com, LLC, she must (a) file a proof of service of the summons and complaint on each of them (or a waiver of service by each of them); or (b) file a letter showing cause why her claims against these defendants should not be dismissed under Rule 4(m).

**If plaintiff fails to meet the August 9 filing deadline, the Court will recommend the dismissal of her claims against these defendants.**

*Id.* at 1 (emphases in the original).

Once again, plaintiff failed to take any action regarding the Unserved Defendants. Instead, she finalized her settlement with Cafepress and Verizon, and thereafter settled with Walmart as well. As to each settlement, plaintiff signed a Rule 41(a)(1)(A)(ii) stipulation of dismissal with prejudice, the last of them on August 21, 2018. (Dkt. Nos. 26, 27.)

## Discussion

The initial case management conference is still on calendar for its adjourned date of September 4, 2018. However, since plaintiff has settled her claims against the three defendants who appeared, and since there is no evidence that she served any of the other four, there would be little point to holding it. Nor is the Court inclined to give a wholly unresponsive plaintiff yet another opportunity to serve defendants in whom she has thus far shown no interest whatsoever.

Rule 4(m) is clear: if the plaintiff does not serve a defendant within 90 days after the complaint is filed, "the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." (Emphasis added.) The Complaint has now been on file for 166 days. Since the original 90-day period for service of process expired, the Court has twice "order[ed] that service be made within a specified time," by means of the June 25 and July 26 Orders, thus exercising its discretion "to excuse [plaintiff's] untimely service, even in the absence of good cause." *See George v. Prof'l*

3

*Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 434 (S.D.N.Y. 2016) (Abrams, J.) (dismissing complaint without prejudice as to defendants not timely served).

The June 25 and July 26 Orders also provided the notice required under Rule 4(m) and the law of this Circuit. *See, e.g., Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) ("notice to the plaintiff must be given prior to a *sua sponte* dismissal").[1] However, plaintiff ignored both of those Orders, making no effort either to serve the remaining defendants or to demonstrate "good cause" for her failure to do so, despite participating in other aspects of the case. Dismissal is therefore appropriate. *See, e.g., Dicks v. Chow*, 382 F. App'x 28, 30 (2d Cir. 2010) (affirming *sua sponte* dismissal of *pro se* complaint under Rule 4(m) after notice); *Alsaidi v. City of New York*, 2013 WL 4052880, at *3 (E.D.N.Y. Aug. 12, 2013) (dismissing complaint where "[p]laintiff failed to serve the Individual Officers even after he was granted an extension, *sua sponte*, by the presiding Magistrate Judge and explicitly warned that, were service not effectuated by May 29, 2013, 'this Court may *sua sponte* dismiss an action without prejudice for failure to effectuate timely service'"); *Fiore v. Pinto*, 2010 WL 4642474, at *1 (S.D.N.Y. Nov. 16, 2010) (adopting magistrate judge's recommendation to dismiss pursuant to Rule 4(m) where plaintiff failed to effect timely service or respond to court's order to show cause).

---

[1] The June 25 and July 26 Orders were mailed to the plaintiff at the address she provided on her Complaint and other filings. The Orders were not returned as undeliverable, and there is no other reason to believe they did not reach her. Moreover, notwithstanding plaintiff's *pro se* status, she demonstrated considerable legal sophistication in her Complaint, as well as in her opposition to the Cafepress/Verizon motion to dismiss – and she had no difficulty effecting prompt service upon Verizon (Dkt. No. 2) and Walmart. (Dkt. No. 3.) There is thus no reason to believe that plaintiff did not understand what was required of her in order to avoid dismissal.

## Conclusion

For the foregoing reasons, I respectfully recommend that plaintiff's claims against defendants RedBubble, Inc., Society 6 LLC, Cloudfare, Inc., and Amazon.com be DISMISSED WITHOUT PREJUDICE.

The conference scheduled for September 4, 2018 is ADJOURNED SINE DIE.

The Clerk of Court is respectfully requested to mail a copy of this Report and Recommendation to the plaintiff.

Dated: New York, New York
August 27, 2018

BARBARA MOSES
United States Magistrate Judge

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). *See also* Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Hon. Ronnie Abrams at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York 10007, and to the chambers of the Hon. Barbara Moses at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. Any request for an extension of time to file objections must be directed to Judge Abrams. Failure to file timely objections will preclude appellate review. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).